## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| IFTIKHAR H. SAIYED | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:14-22165** |
| | ) | |
| SHARON PRESLEY, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff, acting *pro se*, initiated this matter to recover damages as a result of an automobile accident which occurred in Mercer County, West Virginia. Defendants have filed Motions to Dismiss. (Document Nos. 11 and 14.)[1] Having considered the entire record and applicable law, the undersigned respectfully recommends that the District Court grant the Defendants' Motions to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2014, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs and a document which the Clerk regarded as a Complaint naming Ms. Presley, Nationwide Mutual Insurance Company [Nationwide] and 3S Network, Inc. [3S], as Defendants. (Document Nos. 1 and 2.)[2] Plaintiff states that he lives in Virginia and alleges that on August 17, 2012,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff also filed a Motion to Proceed *in forma pauperis* and Complaint naming 3S as Defendant in the United States District Court for the Eastern District of Virginia on July 25, 2014. The matter is designated *Iftikhar Saiyed v. 3-S Network, Inc.*, Civil Action No. 3:14-cv-00528. Plaintiff's Motion to Proceed *in forma pauperis* was granted and a Summons was issued and served.

> I was riding in my work van in Bluefield, West Virginia, and a drunken woman, (Sharon Presley), hit our work van from behind. I was on duty and I work for 3-S incorporated. Sharon was arrested by Bluefield police for being drunk and driving on major road. Our work van was totaled. My employer was paid for totaled damage to work van. And my employer terminated my job. Said accident was not my fault, so it is called wrongful termination. So I lost my job because of accident by Sharon Presley. Sharon has Nationwide Insurance Auto Insurance. This insurance company is taking too long to settle this case. And statute of limitations will run out on 8-17-14. All information about said case has been given to insurance company but insurance company taking too long so time run out.

The Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs on July 15, 2014 (Document No. 4.), and Summonses were issued and served upon the Defendants on August 13 (Ms. Presley in Bluefield, West Virginia, and 3S through attorney in Charleston, West Virginia), August 15 (Nationwide in Columbus, Ohio and 3S in Bellevue, Washington) and August 16 (Nationwide in Des Moines, Iowa), 2014. (Document Nos. 5, 7 and 8 - 10.).

On August 29, 2014, Defendants Nationwide and Ms. Presley filed a Motion to Dismiss Plaintiff's Complaint. (Document No. 11.) Nationwide and Ms. Presley request dismissal of Plaintiff's Complaint because "Plaintiff has previously signed a full and complete Release of the aforesaid Defendants releasing them from any and all claims pertaining to Plaintiff's Complaint." Nationwide and Ms. Presley attached a copy of the Release to their Motion. By the Release which it appears Plaintiff entered on August 14, 2014, Plaintiff agreed that in exchange for the payment of $34,594.57, he released Ms. Presley "from all claims, demands, damages, actions, causes of action or suits, at law or in equity, of whatsoever kind in nature, known or unknown, existing, claim to exist, or which can ever hereafter arise, or result from an incident which occurred on or around

---

See attached copy of the District Court's Docket Sheet and Plaintiff's Complaint in that matter attached hereto. Plaintiff alleges "Wrongful Termination and Discrimination (against injured worker)" in that matter.

August 18, 2012, at or near the intersection of Route 460 and Maryland Avenue, Bluefield (Mercer County), West Virginia."[3] Plaintiff agreed to release Nationwide "from all manner of action and actions, suits, debts, claims, liabilities, controversies, damages, and demands, whether in law or in equity, contract or tort, which [he] may now have or hereafter have against Nationwide . . . and, more particularly, for the claims and demands set out in the Administrative Proceeding now pending before the West Virginia Insurance Commission . . . and further agree that said Complaint will be withdrawn and the action will now be dismissed with prejudice."

On September 2, 2014, 3S filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support. (Document Nos. 14 and 15.) 3S first contends that Plaintiff's Complaint does not meet the general pleading requirements set forth at Federal Rule of Civil Procedure 8(a). (Document No. 15, p. 3.) 3S asserts that Plaintiff's Complaint does not "contain any statement regarding the court's jurisdiction." 3S claims that it "does not have sufficient minimum contacts with West Virginia to trigger this Court's personal jurisdiction over it." (Id., p. 4.) 3S further asserts that Plaintiff has not alleged "damages in an amount that would invoke subject matter jurisdiction in federal court." (Id.) Next, 3S asserts that "Plaintiff fails to state any actions, inactions, or facts on the part of Defendant 3S Network that led to the auto accident, insurance dispute, or his termination. Plaintiff was an at will employee and could be terminated by 3S Network for any reason at all as long as it was not an illegal reason. Even if we assume the factual allegations contained within the Complaint are true, Plaintiff's allegations do not support a claim for wrongful termination." (Id.) Finally, 3S argues that "Plaintiff fails to include any statements, or facts regarding

---

[3] It appears from the Release that the full amount of the settlement between Plaintiff and Ms. Presley and Nationwide was $35,000. Plaintiff received $34,594.57, and a law firm which represented him received $405.43.

his alleged injuries or damages sustained from either the auto accident, insurance dispute, or his termination. Even when examining the Plaintiff's Complaint liberally and viewing all the facts in a light favorable to Plaintiff, said complaint fails to satisfy the basic requirements of Rule 8 and fails to state a claim against defendant 3S Network, Inc." (Id., p. 5.)

Plaintiff was notified pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that he had the right to respond to the Defendants' Motions. (Document Nos. 12 and 17.) Plaintiff filed a Response on November 12, 2014. (Document No. 20.) Plaintiff reiterates that 3S fired him because of the August 17, 2012, automobile accident and states that 3S informed the Virginia Employment Security Department that he was laid off. Plaintiff further states that 3S's attorney indicated in an email that Plaintiff quit his employment with 3S voluntarily. Plaintiff states that "these are both false statements. Realistically I was terminated because of auto accident with Sharon [Presley] and it was not my fault. I have police report that Sharon Presley was drunk and she was arrested." Respecting Nationwide's claim that Plaintiff has agreed to release all claims pertaining to the automobile accident in exchange for its payment of money to Plaintiff, Plaintiff states that "Nationwide wrote on settlement papers that it is Partial Payment." Plaintiff states that "Nationwide Insurance said to me that if my ex-employer, 3S Network, writes a termination letter that I lost my job because of above auto accident by Sharon Presley, then they will pay me more money for loss of job. But my employer never wrote above letter so I was not fully paid. In this way, 3S is responsible for loss of job money." (Id., p. 2.) Plaintiff requests that the Court award him damages or transfer this matter to the United States District Court for the Eastern District of Virginia "where similar case is filed and it will be a joined case . . .." (Id.) Plaintiff attached a copy of email correspondence from Christopher Sears, who apparently is 3S's attorney, to him on November 3, 2014, stating that "$500

4

is the most I have to offer. Any medical expenses you have are the result of the auto accident which 3S is not responsible for. According to 3S records you voluntarily quit. The amount offered is the estimated amount that it would cost to dismiss your case." Plaintiff stated in response that he rejected settlement for the amount which 3S offered and inquiring whether Mr. Sears wanted a copy of his medical records and whether the van involved in the accident was totaled. Plaintiff informed Mr. Sears that he needed a letter form his supervisor at 3S stating the reason for 3S's termination of his employment. (Id., p. 4.) Plaintiff further attached a copy of a document entitled "Employer's Report of Separation and Wage Information" which 3S filed in proceedings before the Virginia Employment Commission. (Id., pp. 5 - 6.) It appears from this document that Plaintiff filed a claim with the Virginia Employment Commission on or about September 9, 2012, indicating that he worked for 3S from July 2 to September 1, 2012, and that the reason for his separation was "lack of work." The 3S representative who filled out the Report wrote that "Claimant has filed a workers' compensation claim, but worked on 8 different days after incident." (Id., p. 6.)

Plaintiff filed a second Response on November 13, 2014. (Document No. 22.) Plaintiff restates his claims that 3S terminated his employment because of the injuries he sustained in the automobile accident, did not provide him with a letter stating the reason for his termination and falsely stated that he was laid off or quit his employment voluntarily. Plaintiff poses several questions – if he was laid off, who did 3S hire to replace him; does 3S provide counseling benefits to, have insurance coverage for or written policies respecting injured employees; and what has 3S done in the past respecting injured employees. Plaintiff states that Nationwide indicated on the settlement check that the amount paid was partial payment, gathered his medical records and was supposed to obtain a letter from 3S respecting the reason for his termination. Plaintiff states, "If

5

Nationwide did not do an investigation about my loss of my job, is Nationwide responsible for my loss of job damages? If 3S was honest about the reasons for my loss of job, Nationwide should have given me extra damages." (<u>Id.</u>, p. 2.) Plaintiff then states that Nationwide gave him four days to accept the settlement check as the statute of limitations was about to run. Plaintiff states therefore that "I signed Nationwide's papers without fully understanding all the pages of the settlement. Nationwide did not give me enough time to ask an attorney to explain all the papers to me." (<u>Id.</u>) Plaintiff states that his total medical bills for the accident were about $27,000 and Nationwide did not consider medical bills in the amount of about $7,000. He states that "I would like to be paid (per Attorney) 3 to 5 times of medical damages. If I was still working for 3S, after extra training, I could become a Tech. If I was promoted to a Tech position, I could make about $5,000.00 monthly plus benefits and a work van." (<u>Id.</u>) Plaintiff attached a copy of the above-mentioned November 3, 2014, email correspondence between Mr. Sears and him to his second Response.

Plaintiff filed a third Response on December 19, 2014. (Document No. 28.) Plaintiff restates the assertions and questions which he posed in his two prior Responses and contends that "3S kept me working for 8 days after accident, intentionally, and then terminated my services, so it does not look like I was terminated because of the accident." Plaintiff states that he is entitled to damages in the amount of "4 to 5 times my medical damages" and "damages for loss of job because of this accident." Plaintiff further requests "money for mental anguish, pain & suffering." (<u>Id.</u>, p. 3.) Plaintiff attached to his third Response a copy of the above-mentioned November 3, 2014, email correspondence between Mr. Sears and him and the document entitled "Employer's Report of Separation and Wage Information" which 3S filed in proceedings before the Virginia Employment Commission. Plaintiff also attached a copy of a Traffic Report respecting the August 18, 2012,

automobile accident. (Id., pp. 7 - 8.)

Ms. Presley and Nationwide filed a Reply to Plaintiff's Third Response on January 6, 2015. (Document No. 30.) They contend that Plaintiff has submitted no evidence to prove that Nationwide's payment in settlement was a partial payment as Plaintiff claims and assert that Nationwide's payment was "in return for a full and complete release . . . from any and all claims pertaining to Plaintiff's Complaint and/or additional filing." (Id., p. 1.) Ms. Presley and Nationwide further assert that Plaintiff has submitted no evidence or argument "to substantiate a claim of accident, mistake or fraud in reaching the subject settlement." (Id., p. 2.) They attach a copy of the front and the back of Nationwide's check dated August 15, 2014, in the amount $34,594.57 made payable to Plaintiff[4] and Plaintiff's August 14, 2014, Release.

On February 9, 2015, Plaintiff filed a request that 3S be required to file a brief in reply to his third Response and that this matter be transferred to the United States District Court for the Eastern District of Virginia. (Document No. 31.) Plaintiff states that 3S should have filed a Reply to his Response within 14 days after he filed his Response. Respecting his claim against Nationwide, Plaintiff states that "Nationwide did not investigate that I was fired from 3-S for the above accident. 3-S is not telling the truth that I was fired because of the accident. If Nationwide can go through all my damages, bills, then they should also ask 3-S for my termination from work because of the accident."

On February 10, 2015, 3S filed a Response to Plaintiff's request that the Court order 3S to file a Reply. (Document No. 32.) 3S states that "because the plaintiff's response to the motion to

---

[4] The check does not indicate that it is partial payment as Plaintiff claims. Rather, it is stated on the check that "[t]his is full payment unless otherwise indicated on stub."

dismiss failed to substantively address any of the issues raised in the motion to dismiss, 3S determined that no reply was necessary and that the matter should, by passage of time, be submitted to the Court for determination."

## THE STANDARD

The undersigned regards Defendants' Motions to Dismiss as filed under Federal Rule of Civil Procedure 12(b)(6). Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court may not consider matters outside the pleadings. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006), quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)("The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). If the Court does so, the motion to dismiss is converted to one for summary judgment under Rule 56. Rule 12(d); U.S. v. Purdue Pharma, L.P., 600 F.3d 319, 326 (4th Cir. 2010), citing George v. Kay, 632 F.2d 1103, 1106 (4th Cir. 1980)("If it is necessary for the court to look beyond the pleadings, the 12(b)(6) motion must be converted into a motion for summary judgment and all parties must be given the opportunity to present materials pertinent to such a motion.") Documents, however, attached to a defendant's Rule 12(b)(6) motion to dismiss are not always regarded as presenting matters outside the pleadings. "Several Circuits, including the Fourth, have recognized that a court may in addition consider documents attached to a motion to dismiss when they are 'integral to and explicitly relied on in the complaint and the plaintiffs do not challenge [their] authenticity.'") White v. Marsh, 2014 WL 4418193 at *3 (S.D.W.Va.)(District Judge Johnston), quoting Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir.

1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.);

Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity

to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for

failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where

a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss

the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct.

1728, 1734, 118 L.Ed.2d  340 (1992).

## DISCUSSION

### A.    Federal Rule of Civil Procedure 8(a).

In submitting his Complaint, Plaintiff was required to comply with the general rules of

pleading as set forth at Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as

follows:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

The single page document which the Clerk of Court designated as Plaintiff's Complaint (Document

No. 2.) is not in compliance with Rule 8(a). First, Plaintiff makes no statement respecting the

grounds for the Court's jurisdiction. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different States . . ..” Plaintiff indicates that he resides and was hired by 3S in Virginia and the accident occurred in West Virginia, but he does not state where Ms. Presley resides or where the entity Defendants are principally located and do business. Second, while evidently Plaintiff is claiming relief on the basis of the August 17 or 18, 2012, automobile accident and the subsequent termination of his employment, Plaintiff arguably provides an adequate statement of the circumstances respecting the automobile accident but does not provide a plain statement respecting the termination of his employment other than to indicate that it was predicated upon the automobile accident. Finally, considering only the single page document which the Clerk of Court designated as Plaintiff's Complaint, Plaintiff does not indicate the relief he is seeking. Presumably he is seeking monetary damages, but he does not indicate that they exceed the sum or value of $75,000.

It is possible, however, to gather sufficient information from the documents which Plaintiff has filed in responding to Defendants' Motions (Document Nos. 20, 22 and 28.) and other information contained in the record to make out circumstances necessary for the District Court's jurisdiction and what Plaintiff's claims are in view of the Rule 8(a) general requirements of pleading.

Plaintiff alleges that he resides in Virginia, and it appears from the return receipt evidencing service upon Ms. Presley (Document No. 4.) that she resides in West Virginia. It further appears that Nationwide and 3S are non-resident corporations. It therefore appears that there is complete diversity of citizenship as between the adverse parties. It further appears from Plaintiff's Responses to Defendants' Motions to Dismiss that Plaintiff is seeking damages in excess of the sum or value

of $75,000 as he states that he is entitled to damages in the about of "4 to 5 times my medical damages" and "damages for loss of job because of this accident." It appears that Plaintiff's medical bills totaled in excess of $20,000. Respecting his claim of wrongful termination, Plaintiff contends in responding to Defendants' Motions that 3S terminated his employment because of the automobile accident and the injuries which he sustained in it. The undersigned finds that, reading all of the documents which Plaintiff has submitted liberally and together, he has alleged a viable claim that 3S terminated his employment wrongfully and/or engaged in employment discrimination. 3S's Motion to dismiss for Plaintiff's failure to meet the Rule 8(a) general pleading requirements should therefore be denied.

### B.    The August 14, 2014, Release of Ms. Presley and Nationwide.

Ms. Presley and Nationwide have requested dismissal based upon Plaintiff's August 14, 2014, Release.[5] Plaintiff has acknowledged that he provided the Release in exchange for Nationwide's payment of the amount of $34,594.57. Plaintiff contends, however, that Nationwide's payment was partial payment and Nationwide did not take into account about $7,000 in medical expenses which Plaintiff incurred as a consequence of the automobile accident. The undersigned finds that it is appropriate to consider the Release and the copy of the check which Ms. Presley and Nationwide have submitted because Plaintiff acknowledges that he entered the Release in his Responses to Defendant's Motions to Dismiss which, the undersigned has found, supplement his Complaint. Considering Plaintiff's Release and the copy of the check, it is evident that Plaintiff intended the full and complete release of Ms. Presley and Nationwide respecting damages which he

---

[5] Plaintiff signed his Release at about the same time Defendants were receiving service of his Complaint in this matter.

sustained as a consequence of the August 17 or 18, 2012, automobile accident in exchange for Nationwide's payment of the money.[6] There is no indication that the payment which Plaintiff received was partial. It is clear therefore that Ms. Presley's and Nationwide's Motion to Dismiss must be granted. See Painter v. Peavy, 192 W.Va. 189, 194, 451 S.E.2d 755, 760 (1994), quoting Charleston Urban renewal Authority v. Stanley, 176 W.Va. 591, 593-594, 346 S.E.2d 740, 743 (1985)(providing that a plaintiff's retention and cashing of a check marked "for full satisfaction of all claims" generally constitutes an accord and satisfaction.)

### C.   Plaintiff's Wrongful Termination Claim.

Having found that Plaintiff has alleged a viable claim that 3S terminated his employment wrongfully and/or engaged in employment discrimination and there being no other grounds asserted for dismissal of Plaintiff's wrongful termination/employment discrimination claim, the undersigned finds that Plaintiff's claim should nevertheless be dismissed. Plaintiff requests that the Court award him damages or transfer this matter to the United States District Court for the Eastern District of Virginia "where similar case is filed and it will be a joined case . . .." (Document No. 20, p. 2.) As Plaintiff indicates, he has filed an action in the United States District Court for the Eastern District of Virginia claiming "Wrongful Termination and Discrimination (against injured worker)" and alleging essentially the same circumstances as he alleges herein. Generally, venue in wrongful termination and discrimination disputes is in the State where the defendant employer employed the plaintiff, where plaintiff performed services as the employer's employee and the alleged wrongful

---

[6] Evidently Nationwide was Ms. Presley's automobile insurance carrier. Nationwide therefore insured Ms. Presley against liability for Plaintiff's *personal injuries* as a consequence of the August 17 or 18, 2012, automobile accident. Nationwide's automobile coverage of Ms. Presley would not extend to Plaintiff's employment circumstances.

termination or discrimination occurred. 28 U.S.C. § 1391(b). As Plaintiff indicates that he resides in Virginia and 3S employed him there, venue is properly in the Eastern District of Virginia, not here in the Southern District of West Virginia.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (Document Nos. 11 and 14.), **DISMISS** this action and **REMOVE** it from the active docket of this Court.

The parties are notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure,  Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

13

(4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge  Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: February 12, 2015.

R. Clarke VanDervort
United States Magistrate Judge

14