```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

IFTIKHAR H. SAIYED,

    Plaintiff,

v.                                     Civil Action No. 1:14-22165

SHARON PRESLEY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's motion for a three-month extension to file objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation, motion for appointment of an attorney, and motion for a reply brief from defendant 3-S Network, Inc. (Doc. No. 36). For the reasons that follow, these motions are **DENIED**.

In his motion, plaintiff requests a three-month extension to file objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation ("PF&R"), but fails to demonstrate good cause to allow for an extension. Federal Rule of Civil Procedure 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, <u>for good cause</u>, extend the time:

>    (A)   with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>    (B)   on motion made after the time has expired if the party failed to act because of excusable neglect.

(2012) (emphasis added).  In this case, plaintiff filed his motion for an extension of time on February 25, 2015, within the allowable time for filing objections.  As a result, Rule 6(b)(1)(B) does not apply to his motion.

After analyzing plaintiff's motion under Rule 6(b)(1)(A), the court finds no rationale for an extension.  Plaintiff does not provide the court with any reason to grant his requested extension, aside from his status as a pro se plaintiff.  While plaintiff's pro se status requires the court to construe his filings more liberally than if an attorney prepared these same documents, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a pro se plaintiff must still comply with court-imposed deadlines.  See Downs v. Westphal, 78 F.3d 1252, 1256 (7th Cir. 1996) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." (internal citations omitted)); see also United States v. Clarke, 175 F.3d 1016, 1016 (4th Cir. 1999) (unpublished per curiam opinion).  As plaintiff has failed to demonstrate good cause for an extension, the court denies his motion.

2

Furthermore, the court finds it unnecessary to appoint an attorney to represent plaintiff. Under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent party in a civil case. (2012). However, "a court should do so only in exceptional circumstances." Manship v. Trodden, 273 F. App'x 247, 248 (4th Cir. 2008) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). Plaintiff's case does not present exceptional circumstances and plaintiff has ably represented himself since filing his complaint in July 2014. As a result, the court denies plaintiff's motion for appointment of counsel.

Finally, the court declines to compel defendant 3-S Network to submit a reply brief. The court notes that plaintiff has already submitted a similar motion to compel, (Doc. No. 31), a motion which Magistrate Judge VanDervort denied. (Doc. No. 35). Defendant 3-S had no affirmative duty to file a reply to plaintiff's response to its motion to dismiss and chose not to do so "because the Plaintiff's response to the motion to dismiss failed to substantively address any of the issues raised in the motion to dismiss." (Doc. No. 32 at 2). Plaintiff presents no new reason to compel defendant 3-S Network to submit a reply brief. Therefore, the court denies plaintiff's motion to compel defendant 3-S Network to file a reply to his response.

Accordingly, the court **DENIES** plaintiff's motion for a three-month extension to file objections to the PF&R, **DENIES** plaintiff's motion for appointment of counsel, and **DENIES** plaintiff's motion to compel a reply brief from defendant 3-S Network. (Doc. No. 36).

The Clerk is directed to send copies of this Order to all counsel of record and plaintiff, pro se.

**IT IS SO ORDERED** this 11th day of March, 2015.

Enter:

*David A. Faber*
David A. Faber
Senior United States District Judge